# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MYCKEL MCMILLAN,

              Plaintiff,

    v.

SHERE FOODS, INC.,

             Defendant.

Case No. 3:23-cv-00222-SLG

## ORDER RE DEFENDANT'S MOTION TO DISMISS

Before the Court at Docket 9 is a Motion to Dismiss filed by Defendant Shere Foods, Inc. Plaintiff Myckel McMillan responded in opposition at Docket 10, to which Shere Foods replied at Docket 11. For the reasons set forth below, Shere Foods' Motion to Dismiss is **DENIED** without prejudice to filing a motion to compel arbitration.

## BACKGROUND

Mr. McMillan was employed as a crew member by Shere Foods at the Northway Mall Burger King location in Anchorage, Alaska from January 30, 2023 until February 7, 2023.[1] According to Share Foods, on February 2, 2023, Mr. McMillan signed an Alternative Dispute Resolution Agreement ("ADR Agreement"), wherein he agreed that any dispute related to "the employment relationship or its termination including, but not limited to, claims of wrongful

---

[1] Docket 9-4 at 4; Docket 9 at 1.

termination, harassment, discrimination, breach of contract, tort claims, violation of statute, non-payment of wages, and all other similar claims . . . shall be submitted to final and binding arbitration."[2]  On February 7, Mr. McMillan's employment was terminated.[3]

Mr. McMillan subsequently filed a charge with the Equal Employment Opportunity Commission (EEOC).[4]  On July 20, 2023, the EEOC issued its Dismissal and Notice of Rights, notifying Mr. McMillan that it would not proceed further with its investigation and that he had 90 days from receipt to file a lawsuit under federal law.[5]  Mr. McMillan states that he received the dismissal on or about August 1, 2023.[6]

Mr. McMillan also filed a complaint with the Alaska State Commission for Human Rights ("ASCHR") on or about August 7, 2023.[7]  The ASCHR conducted an investigation and, on October 26, 2023, concluded that Mr. McMillan's allegations were not supported by substantial evidence.[8]

---

[2] Docket 9-2 at 1-2.

[3] Docket 9-4 at 4.

[4] The parties disagree as to when this occurred; Mr. McMillan asserts that he filed the charge on March 3, 2023, Docket 1 at 4, whereas Shere Foods claims that the charge was filed in July 2023, Docket 9 at 2.

[5] Docket 9-3.

[6] Docket 1 at 4.

[7] Docket 1 at 3.

[8] Docket 9-4 at 3-5.

Case No. 3:23-cv-00222-SLG, *McMillan v. Shere Foods, Inc.*
Order re Motion to Dismiss
Page 2 of 6
Case 3:23-cv-00222-SLG     Document 13     Filed 11/04/24     Page 2 of 6

On September 21, 2023, Mr. McMillan, proceeding pro se,[9] initiated this case by filing a Complaint.[10] In his Complaint, Mr. McMillan alleges race discrimination in violation of Title VII of the Civil Rights Act, pointing to his supervisor's alleged use of racial slurs as well as his termination.[11] The Complaint contains no reference to an arbitration agreement.[12]

On April 15, 2024, Shere Foods appeared in this action and filed a Motion to Dismiss, alleging first, that the Court lacks subject matter jurisdiction since Mr. McMillan's claims can only be pursued in final and binding arbitration pursuant to the ADR Agreement, and second, that Mr. McMillan failed to comply with the deadline to sue set by the EEOC and thus his claims are time barred.[13] Mr. McMillan filed his opposition on June 4, 2024; in it, he does not substantively dispute Shere Foods' allegations, but rather asserts that the ASCHR wrongfully discredited his claims and that he needs a "fair date to prove [he has] not wasted [his] time or government funding.[14] Shere Foods reiterated its stance in its June 5, 2024 reply.[15] Oral argument was not requested and was not necessary to the

---

[9] Mr. McMillan's Motion to Appoint Counsel was denied. Docket 3; Docket 6.

[10] Docket 1.

[11] Docket 1 at 1, 4-5

[12] *See* Docket 1.

[13] Docket 9 at 2, 10.

[14] Docket 10.

[15] Docket 11.

Case No. 3:23-cv-00222-SLG, *McMillan v. Shere Foods, Inc.*
Order re Motion to Dismiss
Page 3 of 6
Case 3:23-cv-00222-SLG   Document 13   Filed 11/04/24   Page 3 of 6

Court's determination.

## LEGAL STANDARD

The Federal Arbitration Act (FAA) provides that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration," the court, after confirming that the issue is properly referable to arbitration, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]"[16] In a recent decision, the Supreme Court interpreted this stay provision to "override[] any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration."[17]

## DISCUSSION

The Court has jurisdiction of this action pursuant to 42 U.S.C. § 2000e(5)(g) and 28 U.S.C. § 1331.

Shere Foods moves to have the Court dismiss this case, asserting that Mr. McMillan's claims lie exclusively in final and binding arbitration pursuant to the ADR Agreement.[18]

The Court finds that dismissal based on the potential applicability of an

---

[16] 9 U.S.C. § 3.

[17] *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024).

[18] Docket 9 at 2.

Case No. 3:23-cv-00222-SLG, *McMillan v. Shere Foods, Inc.*
Order re Motion to Dismiss
Page 4 of 6
Case 3:23-cv-00222-SLG     Document 13     Filed 11/04/24     Page 4 of 6

arbitration agreement is inappropriate. In light of the Supreme Court's recent holding in *Spizzirri*, dismissal based on an alleged arbitration agreement is precluded. In *Spizzirri*, the Supreme Court resolved a long-standing circuit split, and abrogated the Ninth Circuit's position that a district court had discretion to dismiss an action where all of the issues were subject to arbitration.[19] Here, Shere Foods is entitled to assert that Mr. McMillan's claims are subject to binding arbitration; the issue is simply that a motion to dismiss is not the proper vehicle to do so.[20] In denying Shere Foods' Motion to Dismiss, the Court does so without prejudice to Shere Foods filing of a motion to stay this action and compel arbitration. The Court notes that should Shere Foods elect to file such a motion,

---

[19] *Spizzirri*, 601 U.S. at 475 & n.1 (abrogating *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635 (9th Cir. 1988)).

[20] The situation here is not distinguishable based on the fact that there was no request for a stay. In *Spizzirri*, respondents moved to compel arbitration and dismiss the suit, and petitioners asserted that a stay was required instead. 601 U.S. at 474-75. The Supreme Court stated that "[w]hen a federal court finds that a dispute is subject to arbitration, *and a party has requested a stay of the court proceeding* pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Id.* at 475-76 (emphasis added). However, the Supreme Court elsewhere makes plain that its holding applies regardless of whether there was a formal request for a stay. *See id.* at 477 ("Section 3 [of the Federal Arbitration Act] . . . overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration."). In interpreting this recent holding, other courts do not confine it to situations in which a party requested a stay. *See e.g.*, *McCollough v. Flying Horse, Inc.*, Case No. 3:24-cv-153, 2024 WL 4181781, at *1-2 (E.D. Tenn. Sept. 12, 2024) (staying proceedings where the parties filed a joint motion to dismiss and compel arbitration); *Wilhelm v. BAM Trading Servs., Inc.*, Case No. 23-cv-14906, 2024 WL 2274326, at *5 (N.D. Ill. May 20, 2024) (treating a motion to dismiss as a motion to stay where defendant sought to compel arbitration). Furthermore, the fact that the Court is here presiding over a case with a self-represented litigant is reason not to require that a motion to stay be sought even if such a requirement does exist, since Mr. McMillan is unlikely to know to request a stay and "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Case No. 3:23-cv-00222-SLG, *McMillan v. Shere Foods, Inc.*
Order re Motion to Dismiss
Page 5 of 6
Case 3:23-cv-00222-SLG   Document 13   Filed 11/04/24   Page 5 of 6

the summary judgment standard will apply.[21]

In the alternative, Shere Foods moves to dismiss this action due to it being time barred.[22] The Court, however, finds that Mr. McMillan's complaint was timely filed.[23] On July 20, 2023, the EEOC issued its Dismissal and Notice of Rights, notifying Mr. McMillan that he had 90 days from receipt to file a lawsuit under federal law.[24] Mr. McMillan asserts that he received the dismissal on or about August 1, 2023,[25] giving him until October 30, 2023 to file. Mr. McMillan was well within this deadline when he filed his Complaint on September 21, 2023.[26]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss at Docket 9 is **DENIED** without prejudice to filing a motion to compel arbitration.

DATED this 4th day of November 2024, at Anchorage, Alaska.

                                               */s/ Sharon L. Gleason*
                                               UNITED STATES DISTRICT JUDGE

---

[21] *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

[22] Docket 9 at 10.

[23] Shere Foods' errors in calculating timeliness are threefold. First, Shere Foods incorrectly calculates the 90-day deadline from the July 20, 2023 EEOC issuance of the dismissal, rather than from Mr. McMillan's August 1, 2023 receipt of the same. *See* Docket 9 at 5 (Shere Foods calculating the deadline from July 20, 2023); Docket 9-3 ("your lawsuit must be filed within 90 days of your receipt of this notice"); Docket 1 at 4 (Mr. McMillan contending that he received the EEOC notice on August 1, 2023). Then, Shere Foods incorrectly calculates 90 days from July 20, 2023, to be September 18, 2023, rather than October 18, 2023. *See* Docket 9 at 5. And third, Shere Foods incorrectly states that Mr. McMillan waited until March 2024 to file his complaint, *see* Docket 9 at 2, when in fact he filed it on September 21, 2023, *see* Docket 1.

[24] Docket 9-3.

[25] Docket 1 at 4.

[26] Docket 1.

Case No. 3:23-cv-00222-SLG, *McMillan v. Shere Foods, Inc.*
Order re Motion to Dismiss
Page 6 of 6
Case 3:23-cv-00222-SLG   Document 13   Filed 11/04/24   Page 6 of 6