IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MYCKEL MCMILLAN,

        Plaintiff,

v.

SHERE FOODS, INC,

        Defendants

Case No. 3:23-CV-00222-JMK

## RENEWED MOTION TO DISMISS

Defendant Shere Foods Inc., by and through counsel Ashburn & Mason, P.C., respectfully renews its motion to dismiss the above captioned action. Binding and final arbitration is the exclusive forum for the claims asserted in Plaintiff's Complaint and Plaintiff was ordered "to initiate his claims in arbitration pursuant to the parties' ADR Agreement no later than January 26, 2025.[1] Plaintiff failed to initiate arbitration within the time permitted by the Court, and Defendant therefore moves this Court to dismiss the Complaint with prejudice, pursuant to Federal Civil Rule 41(b).

### I.    Federal Rule 41(b) Permits Dismissal for Failure to Prosecute or Comply with a Court Order

---

[1] Court Order Granting Motion to Compel Arbitration, [Docket 16] ordering initiation of arbitration 45 days from the date of the Court's Order Granting Defendant's Motion to Compel Arbitration

Motion to Dismiss Complaint Under Civil Rule 41(b)
*McMillan v. Shere Foods, Inc.,* Case No. 3:23-CV-00222-JMK         Page 1 of 5

Case 3:23-cv-00222-SLG    Document 19    Filed 04/09/25    Page 1 of 5

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Unless the Court decides otherwise such a dismissal "operates as an adjudication on the merits."[2] This rule applies to all litigants, including those appearing pro se.[3]

## II. The Court Ordered Plaintiff to Initiate Arbitration By January 26, 2025.

McMillan worked for Shere Foods for approximately one week in early February 2023. He entered a valid and enforceable alternative dispute agreement (the "ADR Agreement") with Defendant, which required him to submit any claim of wrongful termination, harassment, discrimination, tort, or statutory violation to a final and binding arbitration.

On December 12, 2024, and on the Defendant's Motion to Compel Arbitration, the Court found that the ADR Agreement was enforceable against Plaintiff and required arbitration of the claims raised in the above captioned matter.[4] The Court directed Mr. McMillan " to initiate his claims in arbitration pursuant to the parties' ADR Agreement [] no later than 45 days from the date of this order."[5]

## III. Plaintiff Has Failed to Prosecute His Case and Comply with the Court's Order and His Complaint Should Be Dismissed with Prejudice.

---

[2] FRCP 41(b)

[3] *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

[4] Docket 16 at 1.

[5] Docket 16 at 1.

Motion to Dismiss Complaint Under Civil Rule 41(b)
*McMillan v. Shere Foods, Inc.,* Case No. 3:23-CV-00222-JMK      Page 2 of 5

Case 3:23-cv-00222-SLG   Document 19   Filed 04/09/25   Page 2 of 5

The deadline for Plaintiff to initiate arbitration pursuant to the parties' ADR Agreement was January 26, 2025. On January 3, 2025, Mr. McMillan filed a motion for arbitration "notifying the court that I am also ready to resolve dispute through arbitration" and making a "motion to move forward with compel arbitration."[6] However this motion did not initiate arbitration in accordance with the ADR Agreement or the Court's December 12, 2024 Order. The ADR Agreement adopts the American Arbitration Association Employment Arbitration Rules and provides that a claimant, such as Plaintiff, may initiate arbitration by filing a written Demand with the office of the American Arbitration Association ("AAA").

The Court had stayed Plaintiff's lawsuit and further had no authority or responsibility to initiate an arbitration demand on Plaintiff's behalf with the AAA. Accordingly, it denied Mr. McMillan's motion for arbitration as "moot" and directed him to follow the procedure set out in the ADR Agreement.[7]

The Court ordered Mr. McMillan to initiate arbitration on or before January 26, 2025.[8] In the nearly four months since the Court's order, and over two months since the Court's deadline to initiate those claims lapsed, Plaintiff has not initiated arbitration. While he may later decide to exercise his right to arbitrate his claims against Shere Foods, he should not be permitted to continue dragging this lawsuit along in the interim.

---

[6] Docket 17.

[7] Docket 18.

[8] Docket 16 at 1

Motion to Dismiss Complaint Under Civil Rule 41(b)
*McMillan v. Shere Foods, Inc.,* Case No. 3:23-CV-00222-JMK  Page 3 of 5

Accordingly, and pursuant to Civil Rule 41(b), Shere Foods moves the Court to dismiss this action with prejudice.

                              ASHBURN & MASON, P.C.
                              Attorneys for Defendant

                                      *By:* */Laura (Dulic) Fisher*
                                      Laura (Dulic) Fisher
                                      Alaska Bar No. 1305013

Motion to Dismiss Complaint Under Civil Rule 41(b)
*McMillan v. Shere Foods, Inc.,* Case No. 3:23-CV-00222-JMK     Page 4 of 5

Case 3:23-cv-00222-SLG    Document 19    Filed 04/09/25    Page 4 of 5

**CERTIFICATE OF SERVICE**

This is to certify that on April 15, 2024, the foregoing was served on the following via US Mail:

Myckel Anthonie McMillan
1200 W Dimond Blvd
Spc #1049
Anchorage, AK 99515


ASHBURN & MASON


By:    s/*Maarit Cain*
       Maarit Cain

Motion to Dismiss Complaint Under Civil Rule 41(b)
*McMillan v. Shere Foods, Inc.,* Case No. 3:23-CV-00222-JMK       Page 5 of 5

Case 3:23-cv-00222-SLG     Document 19     Filed 04/09/25     Page 5 of 5